UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LAVERNE PALMER,

                              Defendant.

**DECISION AND ORDER**

15-CR-236G

## I.  INTRODUCTION

Defendant Laverne Palmer ("Palmer") faces three felony counts related to

a bank robbery that allegedly occurred on October 26, 2015.  Following a

detention hearing on December 11, 2015, the Court ordered Palmer detained as

a flight risk and danger but left open the possibility of reconsideration if a suitable

residence and other mitigating factors emerged.  Palmer decided to explore the

open possibility by filing a motion for reconsideration of bail on January 19, 2016.

(Dkt. No. 14.)  Palmer argues principally that his grandmother would be willing to

allow him to live with her and that she has addressed certain issues to make her

house a suitable residence.  The Government opposes reconsideration, arguing

that some uncertainty still surrounds the proposed residence and that the factors

supporting detention have not changed.

The Court held a bail review hearing on February 10, 2016.  After

considering all the information that the parties have presented, the Court denies

the motion but without prejudice to further reconsideration as explained below.

## II.  BACKGROUND

This case concerns allegations that Palmer robbed a Key Bank branch in

Depew, New York (the "Bank") on October 26, 2015.  The case began with a pre-

indictment complaint that the Government filed on December 3, 2015.  (Dkt. No.

1.)  In the complaint, the Government described how a suspect in a hooded

sweatshirt entered the Bank on October 26, 2015 and passed the following note

to a teller:

> Hand over All
> The money in your
> Drawer No dye
> Packs!!! No sudden
> movement!! Or
> This gets Bad!!!

(Dkt. No. 1 at 3.)  The suspect left the Bank with $4,424.00.  Law enforcement

agents subsequently used Bank surveillance photographs, photo arrays, and

communications with multiple informants to investigate the robbery.  The agents'

own assessment of the photographs, combined with positive identifications from

the informants, led the Government to believe that Palmer was the suspect.

Agents arrested Palmer on December 4, 2015; the Court held an initial

appearance on December 5, 2015.

The Court held a detention hearing on December 7 and 11, 2015.  The

parties made proffers concerning detention; the Court also heard from Palmer's

grandmother and reviewed the pretrial services report.  The Court ultimately

ordered Palmer detained as a flight risk and a danger to the community.  Among

other factors, the Court relied on the nature of the alleged offense as a crime of violence; the lack of a suitable residence at the time; and information in the pretrial services report indicating some discrepancies or some uncertainties about information that Palmer provided to probation officers.  The Court expressed a willingness to take another look at Palmer's detention status if a suitable residence and other mitigating factors emerged.

The pretrial services report of December 7, 2015 played a role in the Court's initial order of detention.  According to the pretrial services report, Palmer has family ties to Western New York and has no prior criminal history.  Other aspects of the report were troubling.  Probation officers could not verify Palmer's travel history, employment history, mental health status, and substance abuse history.  Palmer told probation officers that he lived with his grandmother all his life, but his grandmother reported that she had limited contact with Palmer and that Palmer had not lived with her for many years.  Palmer's grandmother informed probation officers that she believed that Palmer had stolen money from her when he lived with her.  Palmer's grandmother also offered, without detail, that Palmer had been stabbed several years ago and had undergone medical treatment.  A question emerged as to whether one or more other known felons had been residing at the same residence, though subsequent clarification emerged that another person with a felony record had been using Palmer's grandmother's residence only as a mailing address.  Probation officers ruled out

letting Palmer live with his girlfriend because Section 8 funding supported the girlfriend's residence.  A local arrest warrant for the same alleged offense had been outstanding from November 13, 2015 to the time of Palmer's federal arrest.

The Government filed an indictment against Palmer on December 22, 2015.  (Dkt. No. 10.)  The indictment contains three counts, all pertaining to the alleged robbery of October 26, 2015.  In Count One, the Government accuses Palmer of bank robbery in violation of 18 U.S.C. § 2113(a).  In Count Two, the Government accuses Palmer of entering a bank with intent to commit a larceny, also in violation of 18 U.S.C. § 2113(a).  In Count Three, the Government accuses Palmer of bank larceny in violation of 18 U.S.C. § 2113(b).  In this Court's absence, Magistrate Judge Michael Roemer arraigned Palmer on December 29, 2015.

Palmer filed the pending motion on January 19, 2016.  Palmer again proposes his grandmother's home as a residence and asserts that no one else lives there or uses the home as a mailing address anymore.  Palmer argues that the availability of a suitable residence brings to the foreground the strength of his local ties and the lack of any criminal history.  Palmer also attacks the Government's evidence as weak, emphasizing that the informants failed to identify him by any distinct characteristics.  The Government opposes the motion, highlighting prior uncertainties about the proposed residence and about Palmer's relationship with his grandmother.  The Government also repeats the details of

4

the available evidence, including the evidence from the informants and from surveillance photographs.

## III. DISCUSSION

Once the Court has issued a detention order, as it has once before regarding this defendant, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event."  *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted).  Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened.  *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Because the Court allowed Palmer to make a new motion with respect to a proposed residence, it will consider Palmer's new proposal as if a change of circumstances has occurred.  Nonetheless, the Court is uncomfortable with

Palmer's latest proposal.  The Court is satisfied that no one would be living at the proposed residence except Palmer and his grandmother, and that no one else will be using the proposed residence as a mailing address in the future. Nonetheless, Palmer has not done enough to address numerous questions raised in the pretrial services report.  Palmer's grandmother contradicted him with respect to how long they lived together and how much contact they had.  *Cf. U.S. v. Dellacroce*, 613 F. Supp. 312, 314 (E.D.N.Y. 1985) (granting pretrial detention where, *inter alia*, "[e]ven at his first appearance before Magistrate Kyle defendant continued to give evasive and untruthful answers as to a variety of matters, including the place where he lived both in New York and Florida.").  Palmer's grandmother told probation officers that Palmer stole money from her in the past. Even if Palmer contests the allegation, that his grandmother would even make the allegation indicates at a minimum that she does not want Palmer living with her and at a maximum that she feels unsafe near him.  The unspecified stabbing incident in Palmer's past, coupled with the unverified mental health status and substance abuse history, add to the Court's concern about releasing Palmer to an elderly woman who lives alone.  After adding to this information the violent nature of the alleged offense and the evidence that the Government has gathered, the balance tips toward rejecting Palmer's proposal.

Although the Court will deny Palmer's motion at this time, his family ties and lack of criminal history are not insignificant.  The Court will make today's

6

3641c332954c0db3

denial without prejudice to a future proposal that follows a few important

parameters.  Without making any decisions or commitments, the Court might be

amenable to a proposed residence that does not involve Palmer's girlfriend or

grandmother and has no one with a felony record living there.  At least one or

two surety signatures would be required; a modest amount of cash or property

might need to be pledged as well.  If Palmer can put together a bail package that

includes these conditions then the Court might be willing to take another look at

the possibility of home incarceration.

## IV. CONCLUSION

For all of the above reasons, the Court denies Palmer's motion for

reconsideration of bail (Dkt. No. 14), but without prejudice to future consideration

of a bail proposal as explained above.

SO ORDERED.

_/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: March 22, 2016